UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRY LEE BUTLER,

    Petitioner,

v.                                                       Case No. 8:20-cv-1402-T-02TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Butler, a Florida inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent moves to dismiss the petition as time-barred (Doc. 10). Although afforded the opportunity (*see* Doc. 8, p. 3), Mr. Butler failed to respond to the motion. Upon consideration, the motion to dismiss will be granted.

**Procedural Background**

In June 1998, Mr. Butler was convicted of first-degree murder (Respondent's Ex. 3). In January 1999, he was sentenced to death (Respondent's Ex. 5). The sentence of death was vacated, and Mr. Butler was resentenced to life in prison on January 22, 2018 (Respondent's Exs. 12, 13). Mr. Butler did not appeal the life sentence.

On October 12, 2018, Mr. Butler filed a Motion for Correction of Illegal Sentence under Rule. 3.800(a), Florida Rules of Criminal Procedure (Respondent's Ex. 14). The motion was denied on October 31, 2018 (Respondent's Ex. 16). The denial of the motion was affirmed on appeal on July 9, 2019 (Respondent's Ex. 20). The appellate court mandate issued on July 29,

1

2019 (Respondent's Ex. 21). Mr. Butler filed his federal habeas petition on June 15, 2020 (Doc. 1).

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Respondent moves to dismiss the petition as time-barred under § 2244(d), arguing that more than one year passed after Mr. Butler's judgment became final.

For purposes of § 2244(d), Mr. Butler's state judgment became final on February 21, 2018, upon expiration of the time for taking a timely appeal of the judgment imposed on resentencing on January 22, 2018. *See Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the 30–day time period for filing an appeal expires). Thus, his AEDPA limitations period commenced on February 22, 2018. Mr. Butler therefore had until February 21, 2019, in which to file a timely federal habeas petition under § 2254. His habeas petition was filed on June 15, 2020, more than two years after his conviction became final. Accordingly, unless the limitations period was tolled for a sufficient period of time by properly

2

filed state court post-conviction applications, his petition is untimely.

After 233 days of the AEDPA's limitations period expired, Mr. Butler's Rule 3.800(a) state post-conviction motion, filed on October 12, 2018, tolled the AEDPA's limitations period through July 29, 2019, when the appellate court issued its mandate affirming the denial of the Rule 3.800(a) motion. *See Bismark v. Sec'y, Dep't of Corr.*, 171 F. App'x 278, 280 (11th Cir. 2006). After the limitations period recommenced on July 30, 2019, it expired 132 days later on December 9, 2019.

Mr. Butler has not established that any equitable tolling of the limitations period is warranted;[1] nor has he alleged or shown that he can prove actual innocence in order to overcome the time bar.[2] Accordingly, Mr. Butler's federal habeas petition is time-barred.

Respondent's motion to dismiss (Doc. 10) is therefore **GRANTED**. Mr. Butler's petition for a writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. The Clerk shall enter judgment against Mr. Butler and close this case.

## Certificate of Appealability and Leave to Proceed In Forma Pauperis on Appeal Denied

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. A certificate of appealability will issue only if the petitioner makes "a

---

[1] Mr. Butler's allegation that the statute of limitations does not bar his petition because "[he] had a motion granted to stop the one-year statute of limitations, because lawerys [sic] stoped [sic] helping and got off the case, and [he] had to get help from the prison law library" (see Doc. 1, p. 14) is vague and unsupported and therefore insufficient to warrant equitable tolling of the statute of limitations. *See Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012) ("allegations supporting equitable tolling must be specific and non-conclusory").

[2] *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) (actual innocence can overcome the statute of limitations in AEDPA); *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[28 U.S.C] § 2244(d) is subject to equitable tolling in appropriate cases.").

3

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural). Mr. Butler cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on October 14, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to:
Harry Lee Butler, *pro se*
Counsel of Record